

```
John W. Stone
Shirley D. Stone
8618 W. Fairmount Avenue
Phoenix, AZ 85037
480-651-2423
Debtors/Pro Per
```

FILED

MAY 17 2021

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

2:21-ap-00136-DPC

| In Re:<br><br>JOHN W. STONE and<br>SHIRLEY D. STONE<br><br>       Debtors<br><br>Vs<br><br>REOMJB LLC | CHAPTER 13<br>CASE NO. 2:21-01383 DPC<br><br>DEBTORS' NOTICE OF DEBTORS'<br>ADVERSARY COMPLAINT FILED<br>AGAINST RESPONDENTS AND THEIR<br>ATTORNEY, CHRISTOPHER WALKER |
|---|---|

COMES NOW DEBTORS' NOTICE OF DEBTORS' ADVERSARY COMPLAINT FILED AGAINST RESPONDENTS AND THEIR ATTORNEY, CHRISTOPHER WALKER. SEE ADVERSARY COMPLAINT ATTACHED AS EXHIBIT 1.

By: _____
      John W. Stone

1

John W. Stone
Shirley D. Stone
8618 W. Fairmount Avenue
Phoenix, AZ 85037
480-651-2423
Debtors/Pro Per

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

2:21-ap-00136-DPC

| In Re: | CHAPTER 13 ADVERSARY PROCEEDING |
|---|---|
| JOHN W. STONE and SHIRLEY D. STONE<br><br>Debtors<br><br>Vs<br><br>REOMJB LLC, MICHAEL BICKFORD, JODI NOLAN, LAW FIRM OF SCOTT M. CLARK ATTORNEY CHRISTOPHER WALKER, JOHN AND JANE DOE, 1-10 | CASE NO. 2:21-01383 DPC<br><br>BREACH OF CONTRACT, BREACH OF DUTY, WARRANTY OF HABITABILITY, NEGLIGENCE, WRONGFUL EVICTION, FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS, AUTOMATIC STAY VIOLATIONS, BAD FAITH LITIGATION, CIVIL RIGHTS VIOLATIONS, CIVIL TORTS, UNJUST ENRICHMENT, DOCTRINE OF GOOD FAITH FAIR DEALING, RETALIATION, HARASSMENT, LIABILITY FOR AIDING AND ABETTING, RECKLESS ENDANGERMENT, CONCERT OF ACTION, PUNITIVE DAMAGES, COMPENSATORY, DAMAGES, GENERAL DAMAGES, TREBLE DAMAGES<br><br>JURY TRIAL REQUESTED |

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157, and 1334(a)(b). Subject-Matter Jurisdiction is also conferred by the "arising under," "arising in" and or related to

1

bankruptcy jurisdiction and is "core" proceeding pursuant to Fed.Bankr.Pro., Rule 7008 and 28 U.S.C. § § 157,157(b)(1)(2)(a).

2. The relief requested in this matter is authorized under 42 U.S.C. §§ 1983, Bankr.Code, 11 U.S.C.A. § § 101 et. Seq., 105(a), 1101, 1106-1108, 362, 362(h), A.R.S. § 33-1302, A.R.S. § 33-1311, A.R.S. Title 33 Chapter 10, A.R.S. § § 9-1303, 33-1323, 33-1324, 33-1341(8), 33-1361, 33-1362(B), 33-1363, 33-1367, 33-1368, 33-1381, A.R.S. § 41-1491.04 and Arizona Civil Rights Act, A.R.S. § § 41-1401, et seq., and An Implied Warranty of Habitability and Tortious Wrongs.

## PARTIES

3. Plaintiffs John W. and Shirley D. Stone are residents of Maricopa County, and at all times, material to this action.

4. Defendant REOMJB LLC, is an Arizona Foreign LLC filed On January 22, 2018. The company's filing status is listed as active. Defendant Michael Bickford is listed as "principle on record" and owns and leases the house the Plaintiffs have resided in since June 4, 2016, and a disputed creditor in the plaintiffs' present bankruptcy case.

5. Defendant Jodi Nolan, is believed to be a resident of Maricopa County and manages the leased house of defendant REOMJB LLC, the plaintiffs reside in.

6. Defendant Christopher Walker is an attorney for the Phoenix, AZ Law Firm of Scott M. Clark, and is presently

2

representing REOMJB LLC, and Jodi Nolan, in the plaintiffs' bankruptcy case.

7. Plaintiffs and all defendants REOMJB LLC and are known herein as such and are also referred to as Tenants and Landlord.

8. **Plaintiffs allege and reallege the following as set forth herein:**

9. On May 23, 2016, plaintiffs paid the defendant a $300.00 deposit to lease defendant's 3-bedroom, 2-bath house, and diving-pool.

10. Prior to June 4, 2016, the plaintiffs made several attempts to see inside the house and the pool however, the windows were blocked, the wooden fence was locked, and plaintiffs were not allowed by person supposedly cleaning.

11. Defendant told the plaintiffs that the past tenants had done a lot of damage to the house and pool, and that the repairs to the house and cleaning were being completed and that the pool would be ready, ASAP.

12. On June 4, 2016, the plaintiffs, and defendants REOMJB LLC and Jodi Nolan, entered into a 6-month lease agreement. The lease also set-forth the responsibilities of the parties.

13. On June 4, 2016, after execution of lease, defendant Nolan, gave plaintiffs landlord's "move-in checklist", indicating plaintiffs' inspection of the condition of the

3

premises, whereon she personally noted in her hand-writing, the landlord's awareness of the poor condition of the pool.

14. After move-in, continued communications ensued assuring plaintiffs by Nolan, that the pool and pool area would be brought up to code and safety requirements asap.

15. The parties agreed there would be a rent reduction and or refund for the time not being able to use the pool.

16. The plaintiffs allege that throughout the parties' 5-year tenant-landlord relationship, the pool was never repaired adequately or brought up to Code for use.

17. During August of 2018, a monsoon storm demolished the 12-ft x 6-ft section of the front-yard fence, exposing the side-backyard of home and pool.

18. The plaintiffs immediately contacted defendant Nolan. Nolan stated that she knew that the fence needed repairing ASAP.

19. The fallen fence provided easy access to the pool, creating potentially harmful risks for plaintiffs' grand kids and other neighbor kids, as well as a security risk for the plaintiffs.

20. During November of 2018 defendant Nolan notified the plaintiffs that the insurance claim she made for the fence was paid and that she would have the fence repaired.

21. Defendant Nolan continued to promise the plaintiffs that the fence and pool would be repaired, but the conditions only got worse.

22. On December 4, 2020 and again in January of 2021, plaintiffs sent messages to the defendant's online payment and maintenance request portal, "Calimco".

23. The messages from the plaintiffs to the defendants reiterated the defendant's negligence and indifference to care for the dangerous pool conditions, demolished fence, electrical corrosions, and other conditions previously reported several times concerning the property.

24. On January 30, 2021, defendants, and their attorneys, served the plaintiffs with a 30-Day Notice to vacate premises.

25. On February 25, 2021, the plaintiffs filed this chapter 13 bankruptcy.

26. On February 26, 2021, Phoenix Bankruptcy Court Self-Help-Center employee Staci, emailed the plaintiffs a copy of "Notice of Bankruptcy Filing" to send to the defendants.

27. On February 26, 2021, plaintiffs emailed the "Notice" to two-different email addresses used by the defendants and sent several texts attached with the "Notice" to the defendants.

28. On March 4, 2021, and two-and-a-half years after the fence was demolished, defendant Nolan had the fence repaired. However the defendants made no attempt to repair the pool.

5

29. On March 11, 2021, plaintiffs listed the defendants as a disputed creditor owing $0.00 and listed a $50,000.00 claim against the defendants.

30. On March 12, 2021, defendants served the plaintiffs with a summons from the Country Meadows Justice Court. Defendants were seeking to have the plaintiffs evicted and influence the Court to order the plaintiffs to pay the defendants over $10,000.00.

31. On March 15, 2021, plaintiffs filed with this Court, "Debtors Emergency Motion for Temporary Restraining Order and Preliminary Injunction for Landlord/disputed Creditor's Automatic Stay Violations and Motion for Sanctions and Damages."

32. On March 15, 2021, plaintiff John, hand-delivered the "Notice of Bankruptcy Filing" to the Country Meadows Justice Court.

33. On March 18, 2021, defendants responded to plaintiffs' motion. The defendants pleading sets-forth that the defendants were not "Noticed" and that they had no idea that plaintiffs were in bankruptcy.

34. On March 22, 2021, plaintiffs filed with this Court "Debtors Reply to Respondent's Response" filed with this Court March 18, 2021.

35. Plaintiffs reply pleading and exhibits included emails and text messages regarding the "NOTICE of Bankruptcy Filing",

that were sent to the defendants on February 26, 2021, and there-after.

37. On March 22, 2021, Judge Collins held the telephonic hearing between the parties regarding plaintiffs' "Emergency Motion".

37. During the March 22, 2021, hearing Judge Collins, after reviewing the plaintiffs' reply pleading and the evidence of text messages and emails, confronted the defendants about receiving the "Notice of Bankruptcy Filing" on February 26, 2021.

38. On March 22, 2021, during the hearing, the defendants finally told the truth that they were in fact "Noticed" on February 26, 2021, and there-after.

39. On March 22, 2021, during the hearing, defendants pleaded with the court that they would not violate the stay again.

40. Judge Collin's minute entry of the March 22, 2021, hearing reflects the fact that the defendants led the Court to believe they had a bona-fide $14,000+ proof of claim against the plaintiffs.

41. To date, the defendants have not filed an official proof of claim.

42. The plaintiffs schedules filed with the court evince that the defendants are listed as a disputed creditor and that

7

the plaintiffs' schedules also list a $50,000 claim against the defendants.

43. During the March 22, 2021 hearing, Judge Collins ordered the parties to begin settlement talks to resolve the defendant's willful automatic stay violations.

44. Judge Collins minute entry ruling for the hearing only mentioned the defendants' $14,000+ claim, and not the plaintiffs' $50,000 claim filed against the defendants, to be used to settle the defendants' stay violations.

45. April 5, 2021, the defendants violated the automatic stay again. The defendants sent by email to the plaintiffs', a demand for payment of over $15,000.00.

46. On April 19, 2021, the defendants filed with this Court a "Pre-Trial Statement". The defendants' statement is that their stay violations were inadvertent, not intentional.

47. On April 21, 2021, plaintiffs filed with this Court, "Debtors' Motion of Respondent's Continuing Automatic Stay Violations, et. al."

48. On June 4, 2021, it will be 5-years, that the defendants have caused the plaintiffs the loss of use and enjoyment of the diving pool pursuant to the lease agreement; and the security and safety of the pool and surroundings that is lawfully warranted by federal and Arizona State laws.

8

49. A fence is required around the pool when children are present. Yet, for two-and-a-half-years the defendants intentionally left a 12' x 6' section of the front-yard fence open with access a few feet from the diving pool.

50. The diving pool is hazardous and dangerous. The defendants decreased selective maintenance to no maintenance. The house is 49 years old and needs many repairs including the entire electrical system, which needs to be overhauled, as well as windows; particularly the one with plexiglass.

**SPECIAL DAMAGES**

51. It is highly conceivable that had the defendants provided what they promised to provide, that the plaintiffs would have been secure in the house and not be facing the dilemma of renting another 3-bedroom house, that by recent market value, is as much as fifty-percent higher than what they agreed to pay the defendants.

52. The defendants wrongs have caused the senior citizen plaintiffs to lose a 5-year good-standing rental reference.

**GENERAL DAMAGES**

53. The defendants caused the plaintiffs the loss of the enjoyment of life. This includes the mental and physical therapy the diving pool would have gave them.

9

## ABUSE OF PROCESS, SCHEME TO DEFRAUD, CONCERT IN ACTION, AIDING AND ABETTING

54. The defendants followed the plaintiffs into this bankruptcy with the intent to defeat Arizona State and Federal Bankruptcy Laws, Rules, and Procedures. Defendants colored this Courts records and the records of the Country Meadows Justice Court.

55. Had the defendants fraudulent scheme succeeded, although the attempt is still in play, this Court and the State Court would have been made accomplices to the defendants' major odious fraud on the court and robbery of the plaintiffs' bankruptcy estate.

56. The plaintiffs are asking this Court to judge the defendants equally and or severally liable for the wrongs committed against the plaintiffs and their estate.

57. The plaintiffs further ask this Court to punish the defendants' reprehensible conduct with the amount of punitive damages to prevent others of like minds from the defendants egregious conduct.

### Warranty of Habitability & BAD FAITH

58. Warranty of habitability is an unstated guarantee that a rental property is in compliance with basic living and safety standards. Local building codes form the basis of these

standards. The landlord is responsible for ensuring that the **warranty of habitability** is met, not the tenant.

59. The purpose of the Arizona Residential Landlord and Tenant Act is to clarify the rights and obligations of landlords and tenants and to encourage both landlords and tenants to ensure that quality rental housing remains available to all Arizonans (A.R.S. § 33-1302). It is important to note that every right and obligation described in the Act imposes an obligation of <u>**"good faith" on both landlords and tenants**</u> (A.R.S. § 33-1311), which means that when disputes arise, <u>**both sides must treat the other honestly and fairly**</u>.

60. A housing facility shall be recognized as meeting the definition of "housing for older persons", and thus achieving exemption status, if it meets the standards set forth in A.R.S. § 41-1491.04 and this Section.

**RETALIATION**

61. Retaliation pursuant to 13-1381, sets-forth the legal definition of a landlord's retaliation: 2. "Landlord decreased services" 3. "Started an illegal eviction proceeding" and, 4. "Threatened to bring an action for possession of the premises."

62. Clearly, the defendants acts and omissions, when there exists a duty to prevent the furtherance of wrongdoing, qualify as retaliatory against the plaintiffs.

11

## UNJUST ENRICHMENT

63. From May 23, 2016, through May 23, 2021, the defendants received over $47,000.00 for rent from the plaintiffs. The plaintiffs will prove that given the defendants breaches and wrongs committed against the plaintiffs, the plaintiffs were overcharged by the defendants.

64. Defendants' acts, and omissions, when there is a duty to act to prevent wrongs as set-forth herein and throughout the proceedings of this case, will prove that defendants breached the lease agreement and legal duty owed to the plaintiffs before the execution of the lease.

65. The defendants' acts and omissions after the execution of the lease give rise to the same prior to the execution of the lease.

## **AFFLICTION OF EMOTIONAL DISTRESS AND CIVIL RIGHTS VIOLATIONS AND TREBLE DAMAGES**

66. The plaintiffs' emotional distress over the last 5-years is caused by the defendants' unlawful behavior. Plaintiffs are senior citizens and housing means everything to them. The defendants blatant disregard for the plaintiffs civil and human rights is clearly seen through their wrongful and abhorrent conduct.

67. The defendants' admission of "Fraud on the Court", this Court and the Country Meadows Justice Court, corruptly

interferes with the plaintiffs' due process and access to the court.

68. Defendants clearly show wanton neglect of property and blatant disregard for the plaintiffs' rights, security, and safety.

69. Due to the defendants' conduct, the plaintiffs are asking the court for treble damages where it is appropriate.

70. WHEREFORE, plaintiffs are asking this Court and or the Jury, in the trial of this action, to find the defendants guilty of all or part of the wrongs as set-forth in this action and any other proceedings in this case that follow.

71. The plaintiffs further ask this Court in "Prayer", for relief and judgement jointly and severally, against the defendants, in an amount to be determined at the trial of this action, but in any event not less than $250,000.00 in punitive damages, and or compensatory damages, and or general damages, and or special damages.

72. The plaintiffs ask this Court to award them any other damages that the Court believes is just, fair, and reasonable.

Respectfully submitted this 17th day of May 2021.

By: /s/ John Stone  
John W. Stone

By: /s/ Shirley D. Stone  
Shirley D. Stone

13

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 21-ap-136DPC |
|---|---|
| **PLAINTIFFS** John W Stone Shirley D Stone | **DEFENDANTS** See Addendum Attached |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Pers | **ATTORNEYS** (If Known) See Addendum Attached |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☒ Other Disputed Creditor and Attorney |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Please See Addendum Attached

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief  other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 250,000.00 |
| Other Relief Sought See Addendum ATTACHED | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>John and Shirley Stone | BANKRUPTCY CASE NO.<br>21:01383 ||
| DISTRICT IN WHICH CASE IS PENDING<br>AZ | DIVISION OFFICE<br>PHX AZ | NAME OF JUDGE<br>Collias |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ John Stone*  */s/ Shirley D. Stone* ||| 
| DATE<br>5/17/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John Stone<br>Shirley Stone ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## Plaintiffs Addendum to B104 (FORM 104) (08/07)

### Bankruptcy Case NO: 21:013383

**PARTIES**

Plaintiffs John W. and Shirley D. Stone are residents of Maricopa County, and at all times, material to this action.

Defendant REOMJB LLC, is an Arizona Foreign LLC filed On January 22, 2018. The company's filing status is listed as active. Defendant Michael Bickford is listed as "principle on record" and owns and leases the house the Plaintiffs have resided in since June 4, 2016, and a disputed creditor in the plaintiffs' present bankruptcy case.

Defendant Jodi Nolan, is believed to be a resident of Maricopa County and manages the leased house of defendant REOMJB LLC, the plaintiffs reside in.

Defendant Christopher Walker is an attorney for the Phoenix, AZ Law Firm of Scott M. Clark, and is presently representing REOMJB LLC, and Jodi Nolan, in the plaintiffs' bankruptcy case.

**The following causes of action are in order from first to last.**

**The brief description of the causes of action are as follows:**

The defendants breached the lease contract and duty of care arising under that contract. The defendants retaliated against the plaintiffs throughout the 5-year relationship and decreased service to the point of no service. The defendants followed the plaintiffs into bankruptcy and filed false pleadings to specifically abuse the legal court process to violate the plaintiffs due process and civil rights.

BREACH OF CONTRACT, BREACH OF DUTY, WARRANTY OF HABITABILITY, NEGLIGENCE, WRONGFUL EVICTION, FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS, AUTOMATIC STAY VIOLATIONS, BAD FAITH LITIGATION, CIVIL RIGHTS VIOLATIONS, CIVIL TORTS, UNJUST ENRICHMENT, DOCTRINE OF GOOD FAITH FAIR DEALING, RETALIATION, HARASSMENT, LIABILITY FOR AIDING AND ABETTING, RECKLESS ENDANGERMENT, CONCERT OF ACTION, PUNITIVE DAMAGES, COMPENSATORY, DAMAGES, GENERAL DAMAGES, TREBLE DAMAGES.

The relief requested in this matter is authorized under 42 U.S.C. §§ 1983, Bankr.Code, 11 U.S.C.A. § § 101 et. Seq., 105(a), 1101, 1106-1108, 362, 362(h), A.R.S. § 33-1302, A.R.S. § 33-1311, A.R.S. Title 33 Chapter 10, A.R.S. § § 9-1303, 33-1323, 33-1324, 33-1341(8), 33-1361, 33-1362(B), 33-1363, 33-1367, 33-1368, 33-1381, A.R.S. § 41-1491.04 and Arizona Civil Rights Act, A.R.S. § § 41-1401, et seq., and An Implied Warranty of Habitability. Tortious Conduct.

15

Case 2:21-ap-00136-DPC    Doc 1    Filed 05/18/21    Entered 05/18/21 13:38:49    Desc
Pleading    Page 18 of 18